FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM , <br><br> Plaintiff, <br><br> v. <br><br> DEA AGENT JOHN DOE #1 and DEA AGENT JOHN DOE #2, <br><br> Defendants. | NO: 4:17-CV-05045-SMJ <br><br> **ORDER DISMISSING ACTION AND DENYING PENDING MOTION** |

BEFORE THE COURT is Plaintiff's Second Amended Complaint, ECF No. 24. This is a civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis.*

The only Defendants named in this action are DEA Agent John Doe #1 and DEA Agent John Doe #2. Plaintiff states these John Doe agents work in the Federal Building in Spokane, Washington. The Court notes, however, that the

ORDER DISMISSING ACTION --1

Drug Enforcement Agency is not located in the Thomas S. Foley U.S. Courthouse in Spokane, Washington.

Plaintiff claims these John Doe Defendants conducted a criminal investigation in cause number 2:16-CR-080-RMP-3, and knowingly presented false information to have Plaintiff indicted, illegally arrested and falsely imprisoned. ECF No. 24 at 5. Although granted the opportunity to do so, Plaintiff has failed to identify the John Doe Defendants with sufficient specificity to allow the Court to effectuate service. It is not possible for the United States Marshals to serve an anonymous defendant.

Because the Court is unable to direct service on John Doe Defendants, the Court will have no personal jurisdiction over them. *See Omni Capital Intern. Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Therefore, Plaintiff's claims against DEA Agent John Doe #1 and DEA Agent John Doe #2 are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Furthermore, even if Plaintiff had named the Drug Enforcement Agency as a defendant to this action, an agency of the United States is not subject to suit under *Bivens*. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

Having failed to identify a Defendant to this action who can be sued and served, **IT IS ORDERED:**

1. Plaintiff's Second Amended Complaint is **DISMISSED without prejudice** for lack of personal jurisdiction.

2. All pending motions are denied as moot.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 18th day of December 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge